UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS CORONA MERCADO (A029-656-396),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-05358-DC-SCR<br><br>ORDER and<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

The Court adopts the factual findings made in Petitioner's earlier filed 2241 action in Santos C.M. v. Warden, California City Detention Facility, et al., No. 1:26-cv-03217-MWJS, 2026 WL 1508363 (E.D. Cal. May 29, 2026) (denying without prejudice to refiling "in the future").

> [Petitioner] entered the United States without inspection near El Paso, Texas, in the year 2000, and has continuously resided in the country since then. Dkt. No. 12-1 at pg. 2. In the over 25 years since he arrived in the United States, he has built a life and become ingrained in his community; he is

> married to a U.S. citizen and is the father to two children who are also U.S. citizens. Id.; see also Dkt. No. 10. But on January 7, 2026, ICE encountered Petitioner at the Canyon County Jail in Caldwell, Idaho, following his arrest for disturbing the peace and domestic violence. Dkt. No. 12-1 at pg. 2. That arrest did not lead to a conviction, but because he was previously convicted of misdemeanor marijuana possession on April 5, 1994, the government has held him in immigration custody since January, while he undergoes removal proceedings. Dkt. No. 12-2 at pgs. 3–4.
>
> Petitioner now invokes this court's habeas jurisdiction, challenging the lawfulness of his detention. Respondents contend that Petitioner is subject to mandatory detention under Immigration and Nationality Act, in particular 8 U.S.C. § 1226(c)(1)(A), because his 1994 marijuana possession conviction constitutes an offense "relating to a controlled substance" within the meaning of the statute. Dkt. No. 12 at pg. 3 (citing 8 U.S.C. § 1182(a)(2)(A)(i)(II)). Respondents argue that mandatory detention under § 1226(c) is both facially constitutional under Demore v. Kim, 538 U.S. 510, 531 (2003), and that Petitioner's detention of approximately four and a half months does not rise to the level of a due process violation. Id. at pgs. 3–5. And because the government has placed Petitioner into removal proceedings, Respondents contend that his "detention has a definite termination point when his removal proceedings conclude." Id. at pg. 4 (citing Jennings v. Rodriguez, 583 U.S. 281, 304 (2018)).

Id. at *1.

The only material difference between Petitioner's earlier filed § 2241 petition and the current habeas petition is the amount of time that he has been detained by ICE. At the time of filing his present habeas action, Petitioner had been detained over six months. ECF No. 1. He has now been detained over seven months.

**II. Immigration Detention Authority**

The parties agree that petitioner remains subject to mandatory detention under 8 U.S.C. § 1226(c). That provision states that the Attorney General "shall take into custody any [noncitizen] who" falls into one of the enumerated categories involving criminal offenses, § 1226(c)(1)(A)-(E), and specifies that the Attorney General "may release" such a noncitizen "only if the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the noncitizen will not pose a danger or flight risk, § 1226(c)(2). Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (citing 8 U.S.C. § 1226(c)(2)) (emphasis in original). Petitioner is not subject to a final administrative order of removal at this juncture. He accordingly remains detained under § 1226(c) while seeking judicial review of his order of removal. See Avilez v. Garland, 69 F.4th 525, 534 (9th Cir. 2023) (holding that § 1226(c), like § 1226(a), "applies throughout the

administrative and judicial phases of removal proceedings").

### III. Due Process Clause Analysis

Having found Petitioner is subject to mandatory detention under § 1226(c), the undersigned proceeds to analyze his due process claim.

#### A. As-Applied Framework

Petitioner raises an as-applied, procedural due process challenge to the constitutionality of petitioner's ongoing detention without a hearing to determine whether that detention is warranted by a risk of flight or danger to the community. Petitioner was initially detained on December 5, 2024, nearly fifteen months ago. Petitioner alleges, and respondent does not dispute, that petitioner has never received a bond hearing during this time in order to determine whether his detention is justified based on danger or flight risk.[1]

As Respondent notes, the Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore, 538 U.S. at 531. The Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the [noncitizen] chooses to appeal." Id. at 513, 529 n.12, 530. Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework: "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges: "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420.

---

[1] Respondent submits various notices of immigration court hearings as well as an audio transcript of Petitioner's most recent hearing on June 30, 2026, but none of these were a bond hearing. See ECF Nos. 7-2, 8.

"[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." Lopez v. Garland, 631 F. Supp. 3d 870, 877 (E.D. Cal. 2022) (quotation omitted); see also Doe v. Becerra, 732 F. Supp. 3d 1071, 1079 (N.D. Cal. 2024) ("[D]ue process protections do not disappear simply because mandatory detention under Section 1226(c) is at least initially permissible."). In other words, the Supreme Court's "conclusion [in Demore] that § 1226(c) is constitutional in some of its applications does not mean that the Court 'does not have the power to grant petitions for habeas corpus raising as-applied constitutional challenges to [ ] detention without a bond hearing.'" Carballo v. Andrews, No. 1:25-cv-0978 KES EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (quoting Perera v. Jennings, 598 F. Supp. 3d 736, 744 (N.D. Cal. 2022)) (emphasis in original).

Other Circuit Courts of Appeal have also concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c). The Second Circuit held that "[t]he Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary." Black v. Decker, 103 F.4th 133, 145 (2d Cir. 2024). The undersigned finds these authorities persuasive and agrees with petitioner that Demore does not bar an as-applied challenge to his prolonged detention without a hearing to determine whether such detention is justified. The next step is to determine the appropriate framework in which to analyze Petitioner's procedural due process argument.

**B. Mathews Due Process Framework**

The undersigned has considered the various tests developed by district courts within the Ninth Circuit, and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for due process challenges to prolonged detention under § 1226(c). The undersigned is particularly persuaded by the Second Circuit's reasoning in Black, 103 F.4th at 145-49, that the Mathews test is flexible enough to account for the appropriate factors when deciding whether detention under § 1226(c) has become unreasonably prolonged. Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of

that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

**C. Mathews Factors**

Private Interest: An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). Courts of Appeal have generally declined to adopt a specific threshold for when detention under § 1226(c) becomes prolonged. See Black, 103 F.4th at 150; Reid v. Donelan, 17 F.4th 1, 7–9 (1st Cir. 2021). While the Ninth Circuit has not addressed this question, it has previously referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (citations omitted). Indeed, courts within this Circuit have found due process violations where the length of mandatory detention without bond is similar to the approximately 7 months of detention at issue here. See, e.g., Chen v. Aitken, 917 F. Supp. 2d 1013, 1018 (N.D. Cal. 2013) (holding petitioner's seven-month detention under § 1225(b) was "prolonged" because it "has lasted well beyond the typical period described in Demore" and "neither release nor removal are imminent"); Leyva v. Warden, No. 1:26-cv-04038-DJC-CKD, 2026 WL 2186531 (E.D. Cal. July 29, 2026) (finding six month period of detention pursuant to 1226(c) was prolonged).

Moreover, courts hearing as-applied challenges to § 1226(c) detention have also considered the likely duration of future detention. See Lopez, 631 F. Supp. 3d at 880–81 (finding petitioner's administrative appeals and likely appeal to the Ninth Circuit weighed toward granting request for bond hearing). Based on the audio recording of Petitioner's June 30, 2026 immigration court hearing, it appears that Petitioner is in the nascent stage of removal proceedings and that he was granted a continuance to file an asylum application. Therefore, Petitioner "faces an undetermined, but likely significant, period of mandatory detention." Gao v. LaRose, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025). Based on its duration to date without bond and the likelihood of continued mandatory detention during his ongoing removal proceedings before an immigration judge, the undersigned finds Petitioner's detention is sufficiently

"prolonged" and confers a substantial private interest.

Risk of Erroneous Deprivation: The second Mathews factor is "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. This factor firmly favors Petitioner for several reasons. First, it is undisputed that Petitioner has not received a bonding hearing at any point. "In the absence of any meaningful initial procedural safeguards, it appears to us that almost any additional procedural safeguards at some point in the detention would add value." Black, 103 F.4th at 153 (emphasis in original); see also Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (finding "high" risk of an erroneous deprivation where petitioner had not received any bond or custody redetermination hearing during his one-year detention under § 1226(c)).

Second, in evaluating the risk of erroneous deprivation in the context of noncitizen detention, the Ninth Circuit has looked to whether the detainee has a statutory or regulatory right to procedural protections, such as individualized custody determinations and the right to seek additional bond hearings throughout detention. See Rodriguez Diaz, 53 F.4th at 1209-10 (finding risk of erroneous deprivation low where the petitioner "was subject to numerous levels of review, each offering [him] the opportunity to be heard by a neutral decisionmaker"). Simply put, there is no statutory or regulatory pathway for Petitioner to seek a bond hearing before an immigration judge. "[T]he almost nonexistent procedural protections in place for section 1226(c) detainees markedly increased the risk of an erroneous deprivation of Petitioners' private liberty interests." Black, 103 F.4th at 152.

Government Interest: Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. In some general way, the government has an interest in the detention of people held under § 1226(c). See Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515); Prieto-Romero, 534 F.3d at 1065). "[T]he additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis

whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." Black, 103 F.4th at 153–54; see also Jimenez, 2020 WL 510347, at *3 ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)). In Petitioner's case, the government's interest in further detaining him without a hearing to determine whether such detention is justified is minimal.

Administrative burden is a legally cognizable interest under Mathews. But Respondent's interest is further diminished by the low fiscal and administrative burdens associated with a bond hearing. See D. L.C., 2026 WL 25511, at *5 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Accordingly, the undersigned finds the final factor tilts toward Petitioner.

Having found all three Mathews factors favor Petitioner, the undersigned recommends granting the § 2241 petition and ordering Respondent to provide Petitioner with a bond hearing before an immigration judge where the government has the burden of proof by a clear and convincing standard. See Singh v. Albarran, No. 1:26-cv-0940 DC DMC (HC), 2026 WL 392169, at *5 (E.D. Cal. Feb. 12, 2026) (collecting cases).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 2) be GRANTED and to appoint counsel (ECF No. 3) be DENIED as unnecessary in light of the recommendation to grant relief.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondent be ordered to provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, within fourteen (14) days of issuance of any final order in this case.

3. Respondent be further directed to file a notice certifying compliance with the above

provision within seven (7) days from the date of the bond hearing.

4. If Petitioner is granted release on bond, Respondent shall return all of Petitioner's documents and possessions at the time of release.

5. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. Judgment be entered in Petitioner's favor and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE